[East v. Pace.]

# East *v.* Pace.

*Action of Trover and Conversion.*

1. *Commissioner to take depositions; no authority to correct name of witness in the commission; effect of such correction.*—A commissioner has no authority to alter or correct the name of a witness as written in the commission, so as to make it conform to the real name of the witness What effect such correction would have, if motion was made in time, to suppress the deposition, is not decided. The court mentions the irregularity merely to condemn such practice.

2. *Leading question; when without injury.*—No matter how objectionable a question may be because of its leading form, if it fails to call out information material and relevant to the case, no injury is done.

3. *Best evidence required; what not within the rule.*—Where the gravamen of the action was the tortious removal of property to another State, where it was converted, a witness may testify that the property was levied upon and sold under process there, without producing the process or a certified copy—the matter being merely incidental or collateral, not falling within the rule requiring the highest or best evidence.

4. *Trover an equitable action; what no defense to or mitigation of a tortious conversion.*—Though trover is an equitable action and lets in equitable defenses, yet when the party making the defense has obtained the possession tortiously, he can not mitigate damages for the conversion by showing that he sold the property and applied the proceeds to a just debt of the plaintiff.

5. *Failure of defendant to testify; when considered as a circumstance against him.*—The failure of a defendant, who is present in court, to testify in his own behalf on the disputed question of the agency in the tortious seizure of the property, is a circumstance to be considered by the jury; and the court may refuse to instruct them not to draw any unfavorable inference therefrom.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. JOHN HENDERSON.

This action was brought by Richard R. Pace, appellee, against Thomas J. East, appellant, for the conversion by the latter of a mule belonging to the former. The defendant pleaded "not guilty," and that the property was not the property of the plaintiff at the time of the alleged conversion. The plaintiff offered to read in evidence the interrogatories and answers thereto of one Thomas G. Atkins, a witness for plantiff, which contained the following note, made by the commissioner: "The letter *J* used in the interrogatories and commission should be *G;* thus — T. G. Atkins instead of T. J. Atkins. This change is made by the commissioner by request of witness. (Signed,) R. T. Whitaker, commissioner." No objection was made to this change, but the defendant duly filed the following among other written objections to the interrogatories: Defendant objects to the

following portion of the interrogatories, and moves to exclude the same on the ground of their being leading and irrelevant, and there is higher and better evidence: To the following portion of the second interrogatory: "If you state that you did levy an attachment on said mule, then state when the levy was made? Who directed you where you could find the mule? State whether or not the defendant in this suit delivered said mule to you, or told you where you could find the mule?" To the following part of the third interrogatory: "If you say that he did not, then state what he did, if he said anything?" &c. And to the following (the fourth) interrogatory: "State whether or not the defendant, East, told you the mule was across the line of the State, in Mr. Barber's stable? State whether or not Mr. Handly rode the mule to West Point?" &c.

The court overruled the above objections, except the objection to the second interrogatory, and defendant excepted. The defendant then moved to exclude from the jury the following part of the answer to the fifth interrogatory, on the ground that said answer was irrelevant, he having made a general objection to said interrogatory when filed: "I got possession of the mule by virtue of an attachment in a justice's court, county of Thorpe, State of Georgia." The court overruled the objection, and defendant excepted.

The plaintiff then introduced evidence tending to show a conversion of the mule by defendant in taking said mule out of a stable in Alabama, where he was secured by one W. A. Handley, to whom it had been loaned by plaintiff, and carrying said mule into the State of Georgia, to have it levied upon by attachment.

The defendant offered in evidence, without objection on the part of plaintiff, and without stating the purpose for which it was offered, a certified transcript from a justice's court in Troupe county, Georgia, of an affidavit and judgment of an attachment suit by *Higginbotham & Firney v. R. R. Pace,* the appellee here and plaintiff below. Said transcript showed that judgment was given against Pace for $14.30 and costs. Defendant introduced another transcript from same justice's court, showing similar proceedings and a judgment against said Pace for $70.63 and costs; and another transcript of a similar suit before said justice, and judgment against said Pace, in which he was defendant, and said Thomas J. East, plaintiff, for $20.75 and costs. Defendant then introduced transcript of a levy and execution by the bailiff of said justice of the peace, upon and of a.

[East v. Pace.]

mule the property of said Pace, showing that said mule was sold to the highest bidder, and the proceeds of such sale were used in payment of the three judgments then standing in said justice's court against said Pace.

The defendant was subpœnaed as a witness for the plaintiff, and was sworn but not examined by plaintiff, nor was he examined as a witness in his own behalf. The counsel for the plaintiff in his closing argument commented on the fact that defendant did not testify in his own behalf, and that the jury might infer his guilt from that circumstance taken in connection with the other evidence.

The defendant asked the court in writing to give the following charges, which were refused, and defendant excepted : *First*, "if the jury believe from the evidence that the proceeds of the sale of the mule sued for were applied to the debts of plaintiff, they may look to it in mitigation of damages ;" *second*, "the plaintiff having had the defendant subpœnaed and not examined, the jury can draw no unfavorable inferences against him because he did not testify in his own behalf."

The refusal of the court to give said charges, and the overruling of defendant's objections to the interrogatories and depositions of Atkins, are now assigned as error.

CICERO D. HUDSON, for appellant.—1. The objections to the interrogatories were not general, and should have been sustained.

2. The first charge should have been given.—27 Ala. 468 ; 2 Stew. & Port. 160.

3. The second charge should have been given. The defendant may always rest his case on the plaintiff's testimony without prejudice. — *Wilson v. Maria,* 21 Ala. 321. The effect of refusing the second charge was to prejudice the defendant, he having been summoned by the plaintiff.

4. This is an action of trover, which is an equitable action, and therefore the first charge should have been given.—27 Ala. 468 ; 2 Stew. & Port. 160.

SMITH & SMITH, *contra.* (No brief came to Reporter.)

STONE, J.—1. The commissioner who took the deposition of Thomas G. Atkins committed an error in altering and correcting the name of the witness specified in the commission. The commission was an official paper, issued by the clerk, and, whether right or wrong, should have been allowed to remain as it was. But inasmuch as no motion was made

to suppress the entire deposition, we need not inquire what effect such irregularity would have on the admissibility of the evidence, if the question was before us. We only mention the irregularity to express our condemnation of it. Section 3081 of the Code of 1876 declares when such motion must be made.

2. Several objections were filed, at the proper time, to parts of interrogatories in chief propounded to this witness. We think those filed to parts of interrogatories 2 and 3, and to the entire interrogatory 4, were well taken. Each of them was leading.—See *Blunt v. Strong*, at present term. But none of the leading features of these objectionable interrogatories elicited any information, except the first clause of interrogatory 2. The answer to that was suppressed by the Circuit Court; and hence no injury was done by the leading interrogatories. No matter how objectionable a question may be in form, if it fails to call out information deemed material and relevant to the case, and responsive to the inquiry, no injury is done by the leading form of the question. It has accomplished nothing.

3. The testimony tended to show that the mule, for whose value this suit was brought, was tortiously removed by the defendant, or through his procurement, and without plaintiff's consent or knowledge, from Alabama to Georgia, that he might there be levied on, under process, issued by a justice of the peace of the latter State, against the plaintiff below; and that the mule was accordingly so levied on and sold in Georgia. It was objected that the witness was allowed to say he had taken the mule under process, without producing the process, or a certified or examined copy of it. There was nothing in this objection. The gravamen of the suit was the tortious removal of the mule from Alabama to Georgia, thereby converting him. The purpose in doing so, and the manner of disposing of him afterwards, were but incidental or collateral matters, which do not fall within the rule requiring the highest and best evidence.—*Graham v. Lockhart*, 8 Ala. 9, 25; *Spears v. Wilson*, 4 Cranch, 398; *Duffie v. Phillips*, 31 Ala. 571; *Dixon v. Barclay*, 22 Ala. 370; 1 Brick. Dig. 856, §§ 752–3.

4. The Circuit Court did not err in refusing to give the first charge asked. The defendant committed a trespass in acquiring the property, and it is against the policy of the law to allow a person, who thus takes the law into his own hands, to depend on any title he may have, or make any profit by his lawlessness. In *Folmar v. Brantley*, (in this

[Halliday v. Jones.]

volume,) we said: "Ownership is no defense to a forcible seizure, or ejection, *manu forti*, of one who is in possession, though wrongfully;" and, although the present action is trover, which is an equitable action, and usually lets in equitable defenses, yet, "this rule does not apply, when the party making the defense has obtained the possession tortiously."

5.　We think the failure of the defendant, who was present in court, to testify in his own behalf, on the disputed question of the agency by which the mule was carried from Alabama to Georgia, was a legitimate subject of comment before the jury, and that the Circuit Court did not err in refusing to give the second charge asked.

　Affirmed.