# Rodgers *v.* Crook.

### *Action on Common Counts.*

1. *Evidence shedding no light on the transaction, irrelevant.*—When the sale or bailment of a herd of cattle would equally subserve the purpose of plaintiff in selling a farm, evidence of a sale of the farm after a disposition of the cattle does not tend to show whether such disposition was a sale or bailment and is therefore irrelevant.

2. *Same.*—Evidence that "unfair methods," were resorted to by the defendant in effecting sales of Jersey cattle, did not tend to show whether he had purchased the cattle from plaintiff and was therefore properly excluded.

3. *Charge properly refused.*—A charge that if defendant had "guaranteed," plaintiff a certain sum for his cattle, which plaintiff had accepted, this amounts to a sale, was properly refused, since it was uncertain whether defendant meant that he himself would pay, or that he would see to it that said sum was paid, which was a question of fact to be determined by the jury.

4. *Negligent destruction of a writing, not ground of exclusion of contents.* The fact that a letter has been negligently destroyed by a party offering its contents in evidence, affords no grounds for the exclusion of his testimony as to such contents.

APPEAL from the Circuit Court of Calhoun.

Tried before Hon. L. F. Box.

Action by J. F. Rodgers against James Crook to recover the price of some Jersey cattle alleged to have been sold by plaintiff to defendant. On the trial of the case the testimony for the plaintiff tended to show that the parties to this suit met at Alexandria, Ala., during the last week of June, 1890, when the plaintiff told defendant he wished to sell his farm and herd of Jersey cattle; that he could easily find a purchaser for his farm, but could not find a purchaser who was willing to take the cattle. That thereupon the defendant told the plaintiff he "did not want to buy the Jersey cattle, as he had some of his own to sell, but that plaintiff could send them down to defendant's Jersey farm, and he would have them milked until they were sold, or plaintiff could get a milker. That a short time afterwards some of the cattle were carried to defendant's farm, and that on or about the 3rd of July, 1890, the plaintiff and defendant met again, and the defendant then asked the plaintiff what he would take for 11 head of the Jerseys. Plaintiff replied that he would take $1,000, and thereupon the defendant said, "I will guaranty you one thousand dollars for them, with interest from

[Rodgers v. Crook.]

date, payable on the 1st of December next." Plaintiff accepted this proposition, and he delivered the herd of cattle as directed by the defendant. The testimony for the plaintiff further tended to show that when, on October 23, 1890, the defendant applied to plaintiff to know if he could sell three heifers, the plaintiff replied he had nothing to do with them ; that he had sold them to him (defendant) for $1,000. and he expected him to pay for them, and that the plaintiff and the defendant quarrelled about whether or not there had been a sale from the plaintiff to the defendant. The testimony for the defendant was in direct conflict with the plaintiff's, in all material averments, he himself denying that he ever purchased the cattle from the plaintiff, and denying that he ever agreed to guaranty him $1,000 for 11 of the herd. The defendant's testimony tended to show that he allowed the plaintiff to send his cattle to his (defendant's) farm, as an accommodation to the plaintiff. The plaintiff offered to prove that immediately after his cattle were taken to defendant's farm the plaintiff sold his farm. Upon the court's sustaining the defendant's objection to this testimony the plaintiff duly excepted. The defendant testified that in March, 1891, he received a letter from the person to whom he had sold three of the plaintiff's herd, inclosing a letter from the plaintiff, and upon his testifying that after he had read said letter it was thrown in the fire, and destroyed, he offered to state, in substance, its contents. Plaintiff objected to this, and duly excepted to the court's overruling his objection. The defendant thereupon said that the contents of said Rodgers letter was, in substance, an inquiry of Harris, to know of him if he had bought his three heifers from the defendant, describing them. Plaintiff moved to exclude this testimony, and duly excepted to the court's overruling his motion. Plaintiff offered to introduce in evidence, testimony tending to show fraud and unfair methods used by the defendant in the registration of the plaintiff's cattle that had been sold, but upon the objection of the defendant the court excluded this testimony, and the plaintiff duly excepted to the rulings of said court.

The plaintiff asked the court to give the following written charges, and separately excepted to the court's refusal to give each of them as asked : (3) "If the jury believe from all the evidence that on or about the 3rd, of July, 1890, James Crook made to J. F. Rodgers the following proposition, to-wit : 'I will guaranty you one thousand dollars for your Jersey cattle, with interest from date, payable on December 1st next,' and if J. F. Rodgers accepted this proposi-

[Rodgers v. Crook.]

tion, and delivered the cattle to Crook, then this amounted to a sale, and was sufficient to pass the title of the cattle from Rodgers to Crook." (4) "If the jury believe from all the evidence on or about July 3rd, 1890, James Crook made to J. F. Rodgers the following proposition, viz: "I will guaranty you one thousand dollars for your Jerseys, with interest from date, payable on the 1st of December next," and if J. F. Rodgers accepted the proposition, it amounts to a sale." (6) "If the jury believe from the evidence that J. F. Rodgers placed his Jersey cattle in the possession of James Crook to be taken care of and milked until Rodgers could get a milker, and after so placing such cattle, and while they were thus in the possession of Crook, Crook made the following proposition to Rodgers, to-wit: "I will guaranty you one thousand dollars for your Jerseys, with interest from date, payable on the 1st of December next," and that Rodgers accepted this proposition, it amounted to a sale, and was sufficient to pass the title from Rodgers to Crook.

MATHEWS & WHITESIDE, for appellants, cited *Mattison v. State*, 55 Ala. 224; *Smith v. Ingram*, 90 Ala. 529; Parsons on Contracts, 476; 1 Brickell's Digest, 375, §§ 1, 3; *Chickering v. Bastress*, 17 Am. St. R. 309; 2 Benj. on Sales, sections 914 & 915; note in extenso to *Bretz v. Diehl*, 2 Am. St. R. 711.

BROTHERS, WILLETT & WILLET, and ELLIS & CROOK, for appellee, cited *East v. Pace*, 57 Ala. 521; *Street v. Nelson*, 67 Ala. 504; *Winslow v. State*, 76 Ala. 42; *Smith v. Dinkelspiel*, 91 Ala. 528; Rule in 90 Ala., adopted April 13th, 1891; *Montgomery & Eufaula R. R. Co. v. Kolb*, 73 Ala. 396; *McLemore v. Nuckolls*, 37 Ala. 662.

McCLELLAN, J.—We can not see that the fact that Rodgers sold his farm after the transaction between him and Crook, the defendant, with reference to the former's herd of Jersey cattle, throws any light upon the inquiry as to whether that transaction was a sale or a bailment. As we understand the evidence, it shows that while the contemplated sale of the farm depended upon plaintiff's making some disposition of the cattle, it did not depend on his making a sale of them, but to the contrary a bailment of them, such as defendant's evidence tends to show, would equally as well have subserved plaintiff's purposes with respect to the farm. It can not be said, therefore, that the

fact of the subsequent sale of the farm tends in any degree to show a sale instead of a bailment of the cattle; and evidence of the fact was properly excluded.

2. The fact that a writing has been negligently destroyed by the party who offers its contents in evidence affords no ground for the exclusion of his testimony of such contents.

And if the rule were otherwise we can not say from the evidence here, that Crook, under the circumstances, negligently destroyed the letter from Rodgers to Harris, the contents of which he was allowed to depose to. Moreover the declarations of Rodgers testified to by Crook as constituting the contents of that letter were collateral to the issues in the case, and were competent without reference to the existence *vel non* of the letter itself or the manner of its destruction.—*East v. Pace*, 57 Ala. 521; *Street v. Nelson*, 67 Ala. 504; *Winslow v. State*, 76 Ala. 42; *Smith v. Dinkelspeil*, 91 Ala. 528.

And, further, the action of the court in admitting this testimony against plaintiff's objection may be sustained on the consideration that the grounds of the objection were not stated as required by a rule of practice adopted by this court, April 13, 1891, and published in the 90th volume of Reports.

3. Evidence tending to show that "unfair methods" were resorted to by the defendant in affecting sales of Jersey cattle did not in our opinion throw any light on the issue as to whether he had purchased these cattle from the plaintiff, and was therefore properly excluded.

4. The court did not err in refusing to give charges 3, 4 and 6 requested by the plaintiff. They were invasive of the province of the jury. If Crook meant by the proposition hypothesized in these charges that he would pay Rodgers $1,000, with interest, for the herd of cattle, and the latter accepted the proposition, and the cattle had been or were afterwards delivered to the former, this, of course, was a sale. But if he meant only that he would see to it—not that he would pay Rodgers that sum—but that Rodgers should receive that sum from the sales of cattle then, or soon thereafter to be, in his, Crook's, possession as Rodger's bailee, that, in other words, he would "guarantee" that Rodgers' cattle should fetch him that sum, it was not a sale. Whether he meant the one or the other of these things is not apparent from the facts hypothesized in these instructions; and it was therefore necessarily with the jury to determine his intent from all the circumstances of the case. The charges requested would have taken this inquiry from the jury, and hence they were properly refused.

[Schening, et al. v. Cofer.]

5.   If the jury had found that Crook's intention was merely to guaranty a certain price to Rodgers for his cattle, that such was the contract, and that this undertaking was supported by a consideration, plaintiff might have recovered on that alone.   But no question is presented here with reference to that aspect of the facts, and we suppose if any such issue was made on the trial below it was properly submitted to the jury.

Affirmed.