# Graham *v.* The State.

## *Robbery.*

(Decided Jan. 23, 1908.   45 South. 580.

1. *Witnesses; Competency; Knowledge.*—Where it was shown that a witness visited the place where it is said the robbery was committed on the morning after its commission, and no ground of objection was stated, it is competent for the witness to state the condition of the ground at the place.

2. *Same; Credibility of Witnesses; Impeachment.*—Evidence as to the general character of the witness is admissible in support of his testimony where such witness has been sought to be impeached by evidence of contradictory statements.

3. *Criminal Law; Instructions; Alibi.*—An instruction which asserts that a defendant introduced testimony that at or about the time the alleged robbery was committed he was another place so far distant from the place of the robbery alleged therein that he could not be guilty, and that although the alibi might not be exact, yet, if it raised a reasonable doubt of defendant's guilt, he could

not be convicted, was not objectionable as an intimation of the court's opinion concerning the alibi, especially when the court in the same connection stated to the jury that he did not intend 'to express any opinion about it one way or the other and fully explained to them that they were the sole judges of the sufficiency of the testimony.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Mark Graham was convicted of robbery, and appeals. Affirmed.

The defendant was indicted for robbing one Edmund Milligan of $2. J. A. Railey was permitted to testify for the state that he lived near old man Edmund, and that he went to the place where Edmund was said to have been robbed. The solicitor asked him, "What was the condition of the ground?" and the court asked, "What time did you go there?" Objection was interposed to both of these questions, and overruled; but he was permitted to answer that there were some signs of scuffling, and also a kind of dampness on the ground, showing something dissolved, and that he saw grains of coffee scattered around. It was further shown that witness went to the ground the next morning after the robbery is said to have occurred. The court, after charging that the burden of proof was on the state to show defendant's guilt from the evidence beyond all reasonable doubt, and the presumption of his innocence, said: "He (the defendant) undertakes in this case by way of his defense to set up an alibi; that is, he introduced testimony that at or about the time the alleged robbery is said to have been committed he was at another place. and at such a distance from the alleged robbery as that he could not be guilty. He has the right to do that under the law, and although his alibi may not be complete and exact as you may like, still, when considered with all the other evidence in the case, if it has the effect to raise in your

mind a reasonable doubt of his guilt, why then he could not be convicted. In charging on the alibi the court has not attempted nor intended to express any doubt whatever about the alibi, or any opinion whatever about it, whether it is sufficient or not; for it is for you to say what effect any portion of the testimony has upon your mind. Of course, if he shows to your reasonable satisfaction that he was not there, or that he was at such other place at that time as that he could not have possibly been there, or could not have been there, why he could not be convicted. On the other hand, if his alibi, when considered with all the other evidence in the case, has the effect to raise in your mind a doubt, and you are not satisfied beyond a reasonable doubt that he committed the offense, why then he should not be convicted." Defendant was convicted, and sent to the penitentiary for 12 years.

H. M. BLUE, and L. A. SANDERSON, for appellant. The court erred in permitting the state to bolster the character of the witness Milligan when the same had not been attacked by the defendant.—*Morgan v. The State,* 88 Ala. 205; *Funderburk v. The State,* 100 Ala. 36; *Bell v. The State,* 124 Ala. 94. The court erred in its oral charge to the jury.—*Townes v. The State,* 111 Ala. 1; *Beaver v. The State,* 103 Ala. 26; *McAnally v. The State,* 74 Ala. 9.

ALEXANDER M. GARBER, Attorney General, for the State. The court properly permitted evidence of good character of the witness Milligan.—*Holley v. The State,* 105 Ala. 100.

SIMPSON, J.—The appellant was convicted of the crime of robbery. There was no error in overruling the

objection to the question put by the state to the witness Railey, "What was the condition of the ground?" and to the answer thereto. In addition to the fact that no grounds of objection were stated, the witness had testified that he went to the place where Milligan was said to have been robbed; and, if the defendant doubted his knowledge of the place, he had the opportunity to test his knowledge by cross-examination. The witness testified that he went there the morning after the supposed robbery.

The defendant had examined witnesses as to contradictory statements made by the witness Milligan, for the purpose of impeaching him. This opened the door for the state to sustain said witness by proof as to his general character.—*Holley v. State*, 105 Ala. 100, 17 South. 102.

The court also properly overruled the objection to that part of the oral charge in relation to an alibi. It was fully explained to the jury that they alone were to consider and decide the question as to the alibi; and we do not discover in the charge any intimation by the court as to its opinion on that subject.

The judgment of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.