# Redmond *v.* The State.

## Violating Prohibition Law.

(Decided June 19, 1912. Rehearing denied July 11, 1912.
59 South. 181.)

1. *Witnesses; Compulsory Process.*—The provisions of Section 6, Constitution 1901, do not extend to process for witnesses beyond the court's jurisdiction, whose attendance the court cannot compel.

2. *Same; Impeachment. Character.*—When a witness has been impeached, evidence of his good character generally, and for truth and veracity is competent.

3. *Continuance; Absent Witnesses; Beyond Jurisdiction.*—Where the absent witness was outside the State, and the defendant proved by three other witnesses what he expected to prove by this witnss, it was no abuse of the discretion of the trial court to refuse a continuance or to put the State upon a showing on account of this absent witness.

APPEAL from Barbour Circuit Court.

Heard before Hon. M. SOLLIE.

Ed Redmond was convicted of violating the prohibition law, and he appeals. Affirmed.

THOMAS & McDOWELL, for appellant. The court abused its discretion in denying the defendnat the continuance prayed for, and in refusing to put the state on the showing as to defendant's absent witness.—Section 6 and 7, Constitution 1901.—*White v. The State,* 86 Ala. 69; *Winter v. The State,* 123 Ala. 1; *Walker v. The State* 117 Ala. 86; *Huskey v. The State,* 129 Ala. 94; *McLaughlin v. The State,* 57 South. 716; *Rogers v. The State,* 144 Ala. 32; *Kelly v. The State,* 160 Ala. 51.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant had the benefit of the two witnesses Braswell and Bartow, who testified to the facts shown to be set up in

the showing of the absent witness.—*De Arman v. State,* 77 Ala. 10, 15; *Davis v. State,* 92 Ala. 20, 25; *Walker v. State,* 117 Ala. 85; *Winter v. State,* 123 Ala. 1; 9; *Huskey v. State,* 129 Ala. 94, 99; *Sanderson v. State,* 168 Ala. 109, 113. The evidence introduced by the State in support of the good character of its witness McGhee was not improper. The defendant had sought to show that the witness had made out of court statements contradicting those made in court.—*Lewis v. State,* 35 Ala. 380, 386; *Holley v. State,* 105 Ala. 100; *Towns v. State,* 111 Ala. 1, 4; *Graham v. State,* 153 Ala. 38, 41; *Tilley v. State,* 167 Ala. 107, 108; and cases cited.

PELHAM, J.—Before entering upon the trial, the defendant moved the court for a continuance, on the ground of the absence of one Sam Godwin, whom the defendant desired to examine as a witness in the case. The defendant was indicted for violating the prohibition laws, and it was shown on the defendant's motion for a continuance that Godwin, a resident of Eufaula, was absent temporarily from the state, at Hot Springs, Ark.; that he had not been subpoenaed as a witness 'in the case, but that the defendant had procured a subpoena for the witness, and had it placed in the hands of the sheriff for execution, not knowing the witness was out of the state. The indictment against the defendant was returned on the 29th day of November, 1911, and the case was called for trial on the 6th day of December thereafter. The defendant stated in his motion for a continuance on account of the absence of this prospective witness that if present he expected to prove by him that one E. E. McGhee, the only witness subpoenaed by the state in the case, had stated to him at a certain time and place, after going before the grand jury that found the indictment against the defendant, that he (McGhee)

had not bought any liquor from the defendant, and that he was scared when he testified before the grand jury and did not know what he had told them.

The court refused to grant the defendant's motion for a continuance, and refused to put the state on a showing as to what the witness would testify. On the trial of the case, the defendant proved by three of his witnesses, R. L. Braswell, M. M. Wells, and R. W. Bartow, that the witness McGhee had made to each of them the statement the defendant desired to prove by the absent witness, Godwin, as having been made to him.

The right of the defendant to compulsory process for the attendance of his witnesses, conferred by section 6 of the Constitution, does not extend to process for a witness beyond the jurisdiction of the court, whose attendance it cannot compel.—*Sanderson v. State,* 168 Ala. 109, 53 South. 109, and authorities there collected and cited.

In this case the witness had not been subpoenaed, and before process was sought for him by the defendant he was out of the jurisdiction of the court, and could not have been reached through the usual and ordinary process by subpoena. It would seem that the defendant had the benefit of proving the same matter by three other witnesses that it was the purpose to prove by the absent witness, Godwin, who, the evidence showed, was under indictment for selling prohibited liquors, which might in some degree have been taken as accounting for his absence. We do not think the discretion of the court is shown to have been abused in refusing to grant a continuance, and in not putting the state on a showing as to what the witness would testify.

The defendant having introduced evidence to impeach the witness McGhee, it was proper to admit evidence of his general good character and good character for truth

[Freeman v. The State.]

and veracity.—*Tilley v. State,* 167 Ala. 107, 52 South. 732; *Graham v. State,* 153 Ala. 38, 45 South. 580; *Bell v. State,* 124 Ala. 94, 27 South. 414; *Towns v. State,* 111 Ala. 1, 20 South. 598; *Holley v. State,* 105 Ala. 100, 17 South. 102.

There is no error shown by the record, and the case will be affirmed.

Affirmed.

### *Violating Prohibition Law.*

