(78 South. 716)

## JOHNSON v. STATE. (8 Div. 529.)

(Court of Appeals of Alabama. April 16, 1918.)

1. CRIMINAL LAW ⊜⟶401 — SECONDARY EVIDENCE—COLLATERAL MATTER.

Where a house had been robbed and a ticket or order purporting to have been given to defendant was found in the house, contents of such order was collateral matter which could be shown by parol evidence without accounting for the absence of the order.

2. CRIMINAL LAW ⊜⟶1044—MATTERS REVIEWABLE—SAVING OBJECTIONS.

Though it appeared after a witness had testified as to the contents of a paper picked up at the scene of a robbery that he could not read, there was no available error, where no motion was made to exclude it.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Walter Johnson was convicted of stealing from a house, and he appeals. Affirmed.

Lanier & Pride, of Huntsville, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The state offered evidence showing that the state's witness Underwood and his wife on returning to their home, from which they had been absent during the day, found that the house had been burglarized and some meat stolen therefrom. In the room where the meat was kept a

twine string and a written order or ticket purporting to have been given to defendant, Walter Johnson, for a pair of shoes, a hat, and a pair of pants were found. Over the objection of the defendant that the written order was the best evidence of its contents, the state was allowed to prove the contents by parol testimony, without accounting for the absence of the written order. The contents of this order was not directly involved in the issues before the jury, but was collateral matter tending to connect the defendant with the offense, and the admission of parol evidence of its contents was not a violation of the best evidence rule. Winslow v. State, 76 Ala. 42; Bulger v. Ross, 98 Ala. 273, 12 South. 803; East v. Pace, 57 Ala. 521; Street v. Nelson, 67 Ala. 504; Foxworth v. Brown Bros., 120 Ala. 66, 24 South. 1; Rodgers v. Crook, 97 Ala. 722, 12 South. 108; Garrison v. Glass, 139 Ala. 512, 36 South. 725.

[2] Both of the state's witnesses, Underwood and his wife, testified to the contents of the order, and it was not until after this testimony had been admitted that it developed that Underwood could not read. After this fact was developed, no motion was made to exclude his evidence, and we assume that the defendant elected to leave his case with the jury with this circumstance in his favor, rather than to have the evidence of the witness Underwood excluded. However this may be, the court cannot be put in error for admitting this testimony in the absence of a motion to exclude after the development of this infirmity.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.