(81 South. 847)

EDMUNDS v. STATE. (5 Div. 295.)

(Court of Appeals of Alabama. April 8, 1919.)

1. INTOXICATING LIQUORS ☞233(2)—INCRIMINATING EVIDENCE.

In a prosecution for a violation of the prohibition law, a note found on top of 4½ cases of beer found in defendant's room, reading as follows: "Frank: Please put this beer in the lounge and make Elvira burn the boxes and go to sleep and don't talk. B."—was as much admissible in evidence as a label on the bottle or a tag on the boxes, although it was not shown that it was written by the defendant or at his instance, or that he had anything to do with the placing of the note there, other than evidence to the effect that he had stolen the beer.

2. CRIMINAL LAW ☞673(1) — LIMITING EFFECT OF EVIDENCE.

If evidence is admissible for any purpose, complaint cannot be made of its admission, the only recourse of an objecting party being to request the court to limit the effect of the evidence by appropriate instructions.

3. CRIMINAL LAW ☞1120(9) — MATTERS REVIEWABLE—DOCUMENTARY EVIDENCE.

On appeal in a criminal case the court cannot say that the trial court erred in sustaining the state's objection to the introduction of an alleged contract between accused's brother and another, where the contract alleged to have been offered in evidence is not set out in the bill of exceptions.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Ben Edmunds was convicted of violating the prohibition law, and appeals. Affirmed.

See, also, 16 Ala. App. 182, 76 South. 466.

Frank M. De Graffenreid, of Seale, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

BRICKEN, J. The defendant was indicted, tried, and convicted for the offense of violating the prohibition law. The jury assessed a fine against him of $500, and the court added four months' hard labor for the county as additional punishment.

[1, 2] The evidence was in sharp conflict, and the only error insisted upon is the ruling of the court upon the introduction of a note which was found lying on top of 4½ cases of beer alleged to have been that of the defendant. The defendant's contention in this connection is without merit, and the cases cited by him are not applicable here, nor do they afford any authority for the question involved. In response to the question by the solicitor to Sheriff Lindsay, who had testified that he made a search of the room of the defendant, "Did you find anything there?" he answered, "We found 4½ cases of beer, with this note on top of it." The note was as follows:

"Frank: Please put this beer in the lounge and make Elvira burn the boxes and go to sleep and don't talk. [Signed]. B."

It was also shown that there was a lounge in the same room, and that 91 bottles of beer were found inside of the lounge.

It is not shown. that the note was written by the defendant or at his instance, or that he had anything to do with the placing of the note there other than the evidence to the effect that he had .stolen the beer that was recovered. The note which was found on top of the beer was as much admissible as a label on the bottle, or a tag on the boxes. Johnson v. State, 78 South. 716.[1] In other words, it was open to the jury to find that this note was connected with the presence of the beer at this particular place, and was a part of the circumstances surrounding its presence there. If the appellant feared, as he now complains, that the note was evidence against him, he should have requested the court to limit the effect of the evidence by appropriate instructions. However, the exception goes to the admissibility of the note, and this does not affect its admissibility. The court did not err in this connection.

[3] One other exception appears in the record, and relates to the court's sustaining the state's objection to the introduction of an alleged contract between defendant's brother and one Graves, but the contract alleged to have been offered in evidence is not set out in the bill of exceptions, and therefore we are unable to say, in the absence of a knowledge of the contents thereof, that there was error in the ruling of the court in excluding it.

No error appearing in the record and the trial having been had without error of a prejudicial nature to the defendant, the judgment of conviction will be affirmed.

Affirmed.