### JIMMERSON v. STATE. (4 Div. 744.)

(Court of Appeals of Alabama. April 21, 1923. Rehearing Denied June 26, 1923.)

1. **Criminal law** ⬅304(13)—**Judicial notice taken by Supreme Court as to time and place of session of trial court.**

The Supreme Court will take judicial notice that at the time when an indictment was returned the circuit court was in session at a certain place in the county.

2. **Indictment and information** ⬅11(1)—**Certificate of clerk of circuit court that indictment was filed in open court held conclusive.**

A certificate of the clerk of the circuit court that an indictment was filed in open court on April 27, 1920, held conclusive that it was returned into the court at Eufaula where the court was in session, and not at Clayton, where no term was then being held, and that in the caption of the indictment the words "at Clayton" appeared was therefore a clerical error.

3. **Indictment and information** ⬅23—**Erroneous recital of place of return of indictment held surplusage.**

Where the caption of an indictment erroneously stated that it was returned at Clayton instead of at Eufaula, where the court was in session, the words being unnecessary to a valid indictment, were surplusage; indictments in that county being returnable by a grand jury sitting either at Eufaula or Clayton, without reference to the territory in which the crime was committed.

4. **Criminal law** ⬅1159(2)—**Where question of guilt for jury, Supreme Court will not consider evidence.**

Where defendant's guilt on a charge of violating the prohibition law was, under the evidence, for the jury, the Supreme Court will not consider the evidence.

5. **Criminal law** ⬅1171(1)—**Solicitor's question as to whereabouts of defendant's witness not called held not prejudicial argument authorizing reversal.**

Where, in a prosecution for violating the prohibition law, defendant sought to show that the sale of the liquor was by his son, Dan, who had been summoned as a witness by defendant and put under the rule, but was not called or examined, and the solicitor in reply to argument of defendant's counsel on such contention asked the question, "Where's Dan?" held, that this was not such prejudicial argument as to authorize a reversal.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Tom Jimmerson was convicted of violating the prohibition law, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Jimmerson, 210 Ala. 218, 97 South. 747.

McDowell & McDowell, of Eufaula, for appellant.

Counsel argue for errors on the trial, but cite no authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1, 2] The trial of this cause was had at the fall term, 1921, at Clayton, Barbour county. The indictment was returned into the circuit court of Barbour county on the 27th day of April, 1920, properly indorsed a true bill, and signed by the foreman of the grand jury. The certificate of its filing was by the clerk of the circuit court. Under the law indictments in the circuit court of Barbour county were returned by grand juries, sitting either at Eufaula or Clayton, and transferred to the proper division for trial. This court judicially knows that at the time this indictment was returned the court was in session at Eufaula, and the certificate of the clerk that it was filed in open court on the 27th day of April is conclusive that it was returned into court at Eufaula and not at Clayton, where no term of the circuit court was then being held, and the words "at Clayton" appearing in the caption to the indictment must therefore be a clerical misprision.

[3] Again, it being the law that indictments in Barbour county may be returned by grand juries sitting either at Eufaula or Clayton, without reference to the territory in which the crime was committed, the addition of the words "at Clayton" is surplusage, and unnecessary to a valid indictment.

[4] The evidence for the state clearly makes the question of guilt one for the jury, and, however persuasive may be the argument of appellant's counsel, the question is not for this court.

[5] It appears from the bill of exceptions that the effort of the defendant was to show that the sale of the whisky was made by Dan Jimmerson, a son of defendant, and defendant's counsel in argument to the jury so insisted. Dan, it seems, had been summoned as a witness by defendant and put under the rule, but not called or examined. The solicitor, in reply to the argument of defendant's counsel on this point, asked the question, "Where's Dan?" This is not such prejudicial argument as will authorize a reversal of the judgment.

We find no error in the record, and the judgment is affirmed.

Affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes