(112 So. 461)

### GRIMES v. STATE.   (4 Div. 218.)

Court of Appeals of Alabama.   April 19, 1927.

J. C. Yarbrough, of Enterprise, for appellant.

## GLADDEN v. STATE. (7 Div. 289.)

Court of Appeals of Alabama. April 19, 1927.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. ▮ In every criminal charge the very first essential is to establish by competent evidence, beyond a reasonable doubt, that the crime itself has been committed. Or, as it is usually expressed, the corpus delicti must first be proved. This is just as much the law in violations of the prohibition statutes as in other classes of crime.

▮ In the instant case, the witnesses for the state saw a pint bottle by the flare of a match in the nighttime and for only an instant. Neither of them ever had the bottle in possession, or applied any of the usual simple tests to ascertain the character of the contents. Over the objection and exception of defendant, these witnesses were permitted to testify that, in their best judgment, the bottle contained whisky or rum. It is a general rule that a witness must state facts and cannot state his opinion as to their existence. There are some exceptions to this rule, among which are that, as to matters with which he is specially acquainted and which cannot be specifically described, a witness may express his opinion (1 Wharton, Evidence, par. 512; Walker v. State, 58 Ala. 393); so that, if the witnesses in this case had by their testimony shown any knowledge of a specific acquaintance with the contents of the bottle, their opinion as to what the contents were would have been admissible. But where, as here, the testimony shows an entire lack of knowledge of the contents, the testimony as to what it was is a mere opinion, not based upon facts, and as such is inadmissible. In all cases in which opinion evidence is admitted, it is essential that the witness should be possessed of adequate knowledge regarding the subject-matter to which his testimony relates. Ala. Power Co. v. Carden, 189 Ala. 384, 66 So. 596; Rep. Iron, etc., Co. v. Passafume, 181 Ala. 463, 61 So. 327.

▮ Without the foregoing testimony, which should have been excluded, there was no evidence of the corpus delicti and the defendant was entitled to the affirmative charge as requested.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.