149 So. 726

## LOWERY v. STATE.
### 8 Div. 754.

Court of Appeals of Alabama.

June 30, 1933.

Rehearing Denied Sept. 12, 1933.

530

Mertie Wiggins, the first witness called for the defendant, testified as follows:

Seybourn H. Lynne, of Decatur, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, Judge.

The state's case depends upon the testimony of two witnesses who testify that they saw defendant with some whisky in a fruit jar, on a certain night, at the house of John Griffin, in Lawrence county.

Appellant insists that the court committed error in permitting the witness Oliver Bracken to testify that the jar seen in defendant's possession contained whisky, because the witness had not qualified as to his knowledge. As to this the witness testified: "I think I know what whiskey is." This was equivalent to saying that in his best judgment he knew what whisky is. In matters of this kind witnesses can only testify as to their best judgment. In the cases of Prouty v. State, 24 Ala. App. 454, 136 So. 492, and Grimes v. State, 22 Ala. App. 84, 112 So. 461, no effort was made to qualify the witness as to a knowledge of the matters about which they were called to testify.

After a witness has qualified as to a knowledge of the thing about which he is called to testify and the adversary is not satisfied as to how he obtained such knowledge, it becomes the subject for cross-examination. If upon such cross-examination it becomes apparent that the witness did not have such knowledge, a motion to exclude the testimony would be in order. Where the testimony of a witness indicates such a lack of definite knowledge concerning the matter in question as to render his testimony destitute of probative force, a motion to exclude should be granted. 22 Corpus Juris, 490 (589).

The remark of the solicitor during the taking of the testimony was not such as to require the withdrawal of the case from the jury and a continuance of the case.

We find no prejudicial error, and the judgment is affirmed.

Affirmed.