42 So.2d 519

### REGISTER v. STATE.

4 Div. 62.

Court of Appeals of Alabama.
May 10, 1949.

Rehearing Denied June 21, 1949.

C. L. Rowe, of Elba, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for the offense of buying, receiving, or concealing stolen property, knowing that the same was stolen, an offense denounced by Section 338, Title 14, Code of Alabama 1940.

The property alleged to have been stolen was a typewriter belonging to the Alabama Warehouse Company, of Troy, Alabama. The value of the typewriter appears from the evidence to have been between $50 and $100. Appellant at the time of this alleged offense operated a radio repair shop in Troy, and also received for repair typewriters, adding machines, etc.

The evidence presented by the State tended to show that during a weekend beginning on or about July 16, 1945 a Royal typewriter was taken from the office of the Alabama Warehouse Company, in Troy. On the Monday following it was discovered that a window had been raised by someone, and the typewriter was missing.

Aubrey Smith, a witness for the State, and who has been adjudged guilty and sentenced for the theft of this typewriter, testified that he entered the warehouse office on a Saturday night in July 1945, and stole a typewriter therefrom. He carried the typewriter to a place behind the Commercial Hotel in Troy and concealed it. About a week later he met appellant at a picture theatre in Troy. The two of them went to where he had hidden the typewriter. They then returned to the theatre where they were joined by appellant's wife. After the show the three of them returned in appellant's automobile to the place where the typewriter was hidden. Smith placed the typewriter in appellant's car and the three then drove to appellant's shop. There Smith sold the typewriter to appellant for $15. Smith testified that he told appellant at the time of the transaction that he had stolen the typewriter from the Alabama Warehouse Company.

In October 1946 a Royal typewriter was found in appellant's shop. Its serial numbers had been removed, and the resulting depression filled in with solder, and painted over. This typewriter was received in evidence as a State's exhibit.

Through Mr. Panhorst, Secretary of the Alabama Warehouse Company, two typewritten reports of meetings of the directors of said company, dated March 12, 1945 and May 14, 1945 were received in evidence as State's Exhibits A and B, over defendant's objection.

Prior to the introduction of these reports Mr. Panhorst had testified that these reports were typed under his direction and supervision, and that they were typed on the Royal typewriter that was taken from the Alabama Warehouse Company. No other typewriter was in the office of the Alabama Warehouse Company at the time these reports were typed up.

On cross examination Mr. Panhorst testified that he did not actually see the reports typed, but that he had written the reports in longhand, then handed them to his secretary who had later during the same day returned them to him in typewritten form. Mr. Panhorst stated further he was positive these two reports received in evidence were written on the Royal typewriter later taken from the office of the Warehouse Company.

C. D. Brooks, in charge of the Birmingham Division of the State Department of Toxicology and Criminal Investigation, and who qualified as an expert in the examination of questioned documents, written and typed, testified that he had made writings on the typewriter found in appellant's shop, and upon analysis and comparison with the two typewritten reports of the directors' meetings which were in evidence as State's exhibits, it was his opinion that the same typewriter was used in preparing all of such writings.

The evidence introduced by the appellant in the trial below was directed toward showing that the typewriter found in his shop had been brought there by one Cliff Barnett for repairs sometime in July 1945. Barnett was a stranger to appellant, and when he did not call for the typewriter after some time the appellant began to use it. Barnett was not produced as a witness at the trial below. The appellant denied knowing that the typewriter was a stolen one, and also denied that he had bought it from State's witness Aubrey Smith.

In our opinion the lower court did not err in admitting into evidence the typewritten reports of the directors' meetings (State's Exhibits A and B). Prior to their introduction Mr. Panhorst, Secretary of the Alabama Warehouse Company, had testified that they were prepared under his direction and supervision, and that they had been written on the Royal typewriter that had been stolen from the office of the Warehouse Company. Only a general objection was interposed to the admission of Exhibit A. Exhibit B was objected to on the ground that Mr. Panhorst "didn't see the typing done, and it could have been done on another typewriter outside of the

office." At the time these grounds were asserted there was no evidence, by voir dire examination of the witness or otherwise, tending to give them validity. Only Panhorst's testimony that the exhibits had been typed on the Royal typewriter was before the court.

■ A trial court is justified in presuming that a witnss has knowledge of the matters about which he positively testifies.

■ When it appears later that the witness may have no such knowledge, or that he has stated conclusions rather than positive facts, then a motion to exclude such testimony is necessary to raise the point for review. Johnson v. State, 16 Ala.App. 453, 78 So. 716; Lowery v. State, 25 Ala. App. 529, 149 So. 726; Martin v. State, 30 Ala.App. 54, 200 So. 575; Graham v. State, 153 Ala. 38, 45 So. 580.

In its broader aspects, we also think the court properly submitted these exhibits to the jury. Mr. Panhorst had testified that he had written the reports in longhand, given them to his secretary, and she had later, during the same day, returned the typewritten copies to him. There was only one typewriter in the office. We do not know the distance between Mr. Panhorst's office and his secretary's office or desk. To say that he did not know that these reports were written on the Royal typewriter, we would have to assume that Mr. Panhorst did not hear them being typed, or that his secretary, on two separate occasions took material given her to some other typewriter outside of her regular office building. The probability of this latter event is slight. On the other hand the probability growing out of the natural and obvious course of office conduct would strongly indicate that Exhibits A and B, under the facts and circumstances of this case, were typed on the only typewriter in the offices of the Alabama Warehouse Company. Such conclusion involves such a slight degree of conjecture, as to justify and render admissible as a statement of fact Mr. Panhorst's assertion that the two exhibits were typed on the Royal typewriter stolen from the Warehouse Company. Certainly the probative value of these exhibits is obvious, and ponderously outweighs the cas-

ual and indeterminable risks to defendant's rights that might be involved in their admission. The probative weight of such evidence was of course for the jury.

In his brief appellant's able counsel further contends that Exhibits A and B were not admissible in that not being handwriting, the provisions of Section 421, Title 7, Code of Alabama, which permits the admission of disputed handwriting for comparison with writing admitted to be genuine.

■ This being so appellant's counsel contends that we must look to the common law rule pertaining to admission of disputed writings for comparison purposes. This rule was that comparison of a given handwriting with that of different submitted writings having no connection with the matters at issue, is not permissible. See Sulzby v. Palmer, 194 Ala. 524, 70 So. 1, and cases therein cited. As to handwriting this rule was changed in 1915 by enactment of the progenitor of Section 421, supra, and the relevancy of the contents of the disputed document to the issues being tried is no longer material to the admissibility of such questioned handwriting.

■ We agree with appellant's counsel's contention that Section 421, supra, is applicable only to disputed handwriting, as distinguished from typewriting.

■ We do not agree with his contention however that we must look to the common law rule pertaining to the admission of questioned handwritings for comparison with known writings in order to determine the admissibility of Exhibits A and B, which are typed rather than handwritten. The typewriting exhibits in this case were not admitted for the purpose of determining the genuineness of any writing, but to determine the identity of the machine upon which they were written. Any peculiarities in the writings were the result of the mechanical action of the machine rather than any controllable human effort. They would be the same whether X or Y pressed the keys. The situation is therefore analogous to the comparison of tire tracks, or foot or finger prints, or bullet markings. The principles concerning

admissibility of this type of evidence are too well settled to require citation.

A similar question to the one now being considered was before the New York Court of Appeals in the case of People v. Storrs, 207 N.Y. 147, 100 N.E. 730, 731, 45 L.R.A., N.S., 860, Ann.Cas.1914C, 196. In the Storrs case the appellant had been convicted of the forgery of a will. The New York statutes pertaining to admission of known handwriting and disputed handwriting for comparison were practically identical with our statutes on the subject. Likewise prior to the enactment of the New York statutes the comparison of handwriting specimens was permitted only when the known specimen had been admitted in evidence as relevant to the issue.

Over the defendant's objection the lower court admitted into evidence typewriting shown to have been made on defendant's machine for purposes of comparison with the typewriting of the will.

The New York Court rejected the contention that under such circumstances the known specimen of typewriting to be admissible must be relevant to the issue with the following observation: "The contents of this paper were in no wise relevant to the issue on trial, and the paper was received, as the learned county judge stated, not so much as a standard for the comparison of handwriting as upon the principle that, where an impression is made upon paper, wood, leather, or any other plastic material by an instrument or mechanical contrivance having or possessing a defect or peculiarity, the identity of the instrument may be established by proving the identity of the defects or peculiarities which it impresses on different papers."

■ No error resulted from the court's refusal of appellant's written request for the affirmative charge, (Charge C-1), or in overruling appellant's motion for a new trial because the verdict was contrary to the law and the evidence. Under the developed evidence a question of fact solely within the province of the jury to determine was presented. We are clear to the conclusion that there can be no question as to the sufficiency of the corroboration of the testimony of State's witness Aubrey Smith, who under the evidence was an accomplice. Evidence tending to corroborate Smith was to the effect that a Royal typewriter had been taken from the office of the Alabama Warehouse Company. A Royal typewriter was found in appellant's possession. The testimony of witness Brooks tended to establish that the machine found in appellant's office was the machine taken from the Warehouse Company. The serial numbers had been obliterated when the machine was found in appellant's shop.

■ Appellant's written requested charge C-2 was properly refused under the authority of Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692 and Edwards v. State, 205 Ala. 160, 87 So. 179.

■ Appellant's written charge C-20 was refused without error under the evidence submitted by the State.

In the cases in which charges similar in principle to charge C-20 have been held good, and their refusal error, the State's case was dependent and predicated upon the testimony of one witness. In this case the State introduced witnesses in addition to the witness Aubrey Smith whose testimony tended to establish that the typewriter in question had been stolen from the office of the Alabama Warehouse Company, and was later discovered in the possession of the appellant, this after a long lapse of time during which appellant had used the machine, though professing that it had been brought to him by some person for repairs, this person being unknown to appellant, and apparently unlocatable.

Under such circumstances the principle asserted in charge C-20 is confusing and misleading. Baxley v. State, 18 Ala.App. 277, 90 So. 434; certiorari denied 206 Ala. 698, 90 So. 925; Slayton v. State, 27 Ala. App. 422, 173 So. 632; Wilson v. State, 243 Ala. 1, 8 So.2d 422, citing and approving the conclusions reached as to this charge in the Slayton case, supra.

■ Charge C-22 was properly refused the appellant. The tendency of the State's evidence additional to that of Aubrey Smith makes this charge misleading and abstract.

Other written charges requested by appellant were refused by the court. In our opinion no error resulted in such refusals as these charges were either properly refused under the law applicable, or were covered by the court's oral charge, or other of the numerous written charges given by the court at appellant's request.

Affirmed.

BRICKEN, P. J., not sitting.

On Rehearing.

HARWOOD, Judge.

In his brief in support of his application for rehearing it is for the first time urged as error that the "alleged" indictment appearing in the record shows it was found "Circuit Court Spring Term 1948," whereas the endorsements on said indictment show a presentation in open court by the Foreman in the presence of 17 other Grand Jurors on February 12, 1947.

Appellant's contention is without merit. The statement "Circuit Court Spring Term 1948" is but a marginal entry in no way essential to the validity of the indictment. Maloy v. State, 24 Ala.App. 123, 130 So. 902. No question was raised in the circuit court as to the sufficiency of the caption of the indictment, and we therefore presume the caption was in all things regular. Maloy v. State, supra; Section 380, Title 15, Code of Alabama 1940.

Nor could the appellant have been injured by the marginal note above mentioned. The endorsements on the indictment show it was filed in open court on February 12, 1947, and presented to the presiding judge in open court and by him ordered filed on that same day. Trial on the indictment was entered into on December 1, 1947. The figure 8 in the marginal note was a clerical error obvious on its face. Jimmerson v. State, 19 Ala.App. 306, 97 So. 746, certiorari denied 210 Ala. 218, 97 So. 747.

Other points are urged in appellant's brief in support of his application for rehearing. These points have been considered in our opinion. We see no need for further discussion of them.

Application denied.

BRICKEN, P. J., not sitting.