# Curry *v.* The State.

*Indictment for an Assault with Intent to Murder.*

1. *Organization of jury in default of regular jury; city court.*—Where the statute establishing a city court provides that the petit juries for said court shall be drawn in the same manner as is provided for the drawing of such juries in the circuit court of the county, the summoning by the sheriff under the direction of the court, as provided by statute (Cr. Code of 1896 § 4998), of a certain number of persons to serve as petit jurors for a week of said city court for which no jury had been drawn by the jury commissioners, and the organization of the juries from the persons so summoned, is, in all things, regular and proper, and furnishes no ground for quashing the venire.

2. *Pleas and defenses; motion in arrest of judgment.*—A motion in arrest of judgment in a criminal case can be based only upon facts which appear of record in the trial court

3. *Same; motion for a new trial; not revisable on appeal.*—The overruling by the trial court of a motion for a new trial in a criminal case is not revisable on appeal.

4. *Indictment for assault with intent to murder; will sustain conviction for assault and battery.*—Under an indictment for an assault with intent to murder, a conviction can be had for a simple assault, or an assault and battery.

APPEAL from the City Court of Talladega.

Tried before the Hon. G. K. MILLER.

The indictment under which the defendant was tried contained two counts. The first count charged the defendant with an assault with intent to murder one Frank Noble. The second count charged the defendant with assault with intent to murder Effie McKibbon.

When the cause was called for trial, the defendant moved the court to quash the panel of the petit jury summoned for the trial of the cases in court that week, upon the grounds, 1st, that such jury was not drawn according to law; 2d, that such jury was selected and summoned by the sheriff from the citizens of Talladega county, qualified to serve as jurors, without reference to the jurors whose names were contained in the jury box of said county.

The evidence for the State tended to show that while Frank Noble and Miss Effie McKibbon were riding along a road in a buggy, the said Noble told the defendant and some other men who were walking along the road, to get out of his way; that the defendant became incensed and ran up behind the buggy and fired at said Noble and Miss McKibbon, and that Miss McKibbon was struck with a pistol ball.

The evidence for the defendant tended to show that he did not fire the shot.

Upon the submission of the cause to the jury, they returned the following verdict: "We, the jury, find the defendant guilty of assault and battery on the person of Frank Noble, and assess the fine at five hundred dollars." The bill of exceptions recites that after the verdict was read by the clerk, "the solicitor then stated to the court that there was no evidence of any battery on the person of Frank Noble, and requested the court to so instruct the jury and to explain what verdict they should find, which the court refused to do." The defendant then filed a motion to set aside the verdict of the jury, upon the grounds that the verdict was contrary to the evidence, and that the verdict was contrary to the charge of the court, in that said charge did not authorize the jury to find the defendant guilty of an assault and battery upon Frank Noble. The motion was overruled. Thereupon the defendant filed a motion in arrest of judgment upon the following grounds: "1st. The jury before whom he was tried was not drawn according to law in this case. Said jury was drawn and summoned by the sheriff of Talladega county under an order of this court directing him to summon as jurors a certain number of qualified jurors of said county, without naming them and without the court having drawn said jurors from the jury box as provided by law. 2d. There was a variance between the verdict of the jury and the indictment in this, the verdict found defendant guilty of an assault and battery upon Frank Noble where there was no allegation in the indictment of an assault and battery upon Frank Noble. 3d. There was a variance between the indictment and the verdict of the jury, in that the indictment charged that defendant assaulted Frank Noble with a pistol, while the verdict was for an assault and battery without a weapon."

The court overruled this motion and the defendant duly excepted. Judgment was rendered in accordance with the verdict, adjudging that "the defendant is guilty of assault and battery."

No counsel marked as appearing for appellant.

CHARLES G. BROWN, Attorney-General, and ALEX M. GARBER, for the State.—The jury, which tried the case at bar in the lower court, was organized under sections 4998 and 4999 of the Code of 1896; and, therefore, the court did not err in overruling the motion of the defendant to quash the venire; the act establishing said city court of Talladega providing that the juries for said court should be drawn and organized in the same manner as provided for the drawing of such juries in the circuit court of said county.—Acts of 1894–95, p: 1221.

Under the indictment, the defendant might have been convicted of the higher offense charged, made a felony under our statute, or of the lesser offense, an assault or an assault and battery.—*Jones v. State*, 79 Ala. 23; *Smith v. State*, 86 Ala. 28; *Englehardt v. State*, 88 Ala. 100.

McCLELLAN, C. J.—The special statute establishing the city court of Talladega, etc., etc., as amended in 1895, provides that petit jurors for said court shall be drawn in the same manner as was or might .thereafter be provided for. the drawing of such jurors for the circuit court of Talladega county.—Acts, 1894–95, p. 1221. The drawing of such jurors of said circuit court is provided for by the Code. The petit jury which tried this case was drawn in consonance with section 4998 of the Code for a week of the city court, for which no jury had been drawn by the jury commissioners; and the motion to quash the *venire* because not drawn by the commissioners, etc., etc., was properly overruled.

The fact that there was no evidence of a battery committed by the defendant upon the person of Frank Noble did not appear of record in the court below. It was, therefore, not matter for motion in arrest of judgment, and that motion was well denied.

It was proper, however, for a motion for a new trial; but, conceding that upon it the city court should have

[Scoggins, *et al.* v. The State.]

granted a new trial, its action in refusing it is not revisable by this court.

There is no merit in the theory advanced in the court below that a *battery* is not embraced in an indictment charging an assault with intent to murder.—*Jones v. State*, 79 Ala. 23.

Affirmed.

*Indictment for an Assault with Intent to Murder.*

