# Burgess *v.* The State.

## *Carrying Concealed Pistol.*

(Decided July 6th, 1906. 42 So. Rep. 681.)

1. *Grand Jury; Summoning of Jury.*—Where it appeared to the County Court of Cleburne County that no grand jury had been summoned to serve at the July term and that it was necessary that a jury be drawn, the court properly ordered the sheriff to summon eighteen persons to appear on Monday, the 31st day of July, and to order that the jury term be temporarily adjourned to such a date. Code 1896, Section 4998. Local Acts, 1898-9, p. 93.

2. *Criminal Law; Evidence; Confession.*—The defendant having offered himself as a witness to deny the carrying of the weapon concealed, the prosecution had the right to lay a predicate to contradict him by proving admissions or confessions without showing that they were voluntary.

3. *Same; Instruction; Requests for.*—Where several instructions are requested in bulk, it is not error to refuse all, if any one of them was bad.

4. *Same; Instructions; Questions of Law.*—A charge asserting that before a confession of guilt could be considered the corpus delicti must first be proven was properly refused, as it was error to refer to the jury the determination of the meaning of the phrase corpus delicti.

APPEAL from Cleburne County Court.

Heard before Hon. T. A. JOHNSON.

W. A. Burgess was convicted of carrying a concealed weapon, and he appeals.

Defendant filed a special plea setting up that the statute required the court to be held in the courthouse of Cleburne county; whereas, the case was being tried and the court being held in the Masonic Hall, in the town of Heflin. The special plea was stricken from the files as being frivolous.

Defendant asked the court to instruct: "Before a confession of guilt can be considered against a defendant, the corpus delicti must first be proved by the state."

[Beauvoir Club v. The State.]

BURTON & McMAHAN, for appellant.—Counsel discuss assignments of error but cite no authority.

MASSEY WILSON, Attorney General, for State.—The court did not err in reference to the jury.—*Curry v. The State*, 120 Ala. 366. The appellant's special plea was properly stricken on the authority of *Ex parte Bud Owens* at present term. The impeachment testimony was properly admitted.—*Smith v. The State*, 137 Ala. 22. The request for charges were general and charge 2 was bad.—*Yates v. The State*, 38 So. Rep. 760; *Viberg v. The State*, 137 Ala. 73; *Kennedy v. The State*, 141 Ala. 72; *Mann v. The State*, 134 Ala. 1.

HARALSON, J.—The defendant was indicted for carrying a pistol concealed about his person.

On the trial, the defendant moved to quash the indictment on the ground, that the same was not found and returned by a grand jury that was drawn and summoned as authorized by law. In support of the motion, he introduced the order of the court made July 3, 1905, which recited, among other things, that "it appearing to the court that no grand jury had been summoned as required by law to serve at this term of this court, and further, in the opinion of the judge of this court, it is necessary that a grand jury be drawn and summoned to serve at this term, it is, therefore, ordered, that L. E. Adams, the sheriff of Cleburne county be and he is hereby ordered and directed to summon eighteen persons qualified to serve as grand jurors for this term of the court, and that said persons be summoned to appear on Monday, the 31st day of July, 1905." It was further ordered, that the jury term of the court be temporarily adjourned to Monday, the 31st of July, 1905,' when said grand jury for the term would be organized and impaneled as required by law.

Section 4 of the act of December 9, 1898 (Loc. Acts 1898-99, pp. 93, 96), amendatory of the act establishing the county court of Cleburne county, provides for two jury terms for said court in each year; one to commence on the third Monday in January and one on the third

Monday in July, and "grand and petit juries for said court shall be drawn, summoned and empanelled in the same manner as is now provided, or may be hereafter provided by law for drawing, summoning and empanelling juries for the circuit courts," etc. It was further provided, that "grand juries shall be summoned to attend said court' on the first Mondays in January and July of each year, when they shall be organized and empanelled, and may continue in session until the business before them is disposed of, not, however, to exceed two weeks in any one term."

It is to be noted, that grand and petit juries are to be drawn, summoned and impanelled in the same manner as they are provided for in the circuit court.

Section 4998 of the Code of 1896 provides, that if in consequence of any neglect on the part of the jury commissioners, or from any other cause, no grand or petit jury is returned to serve at any term of the court, the court may, by an order entered on the minutes, direct the sheriff forthwith to summons 18 persons qualified as grand jurors, etc.

When no grand jury was summoned to appear on the first Monday in July, and the court ordered one to be summoned, as it might well have done, necessarily the jury as summoned would have to appear at a later day of the term, and as well one day as another within the term, the statute not having named a day, in such instance, for the jury to be organized. It was the purpose of the statute, to permit the summoning and organization of a grand jury in default of one at the regular term. The action of the court was regular and proper, and furnished no ground for quashing the venire.—*Curry v. State,* 120 Ala. 366, 25 South. 237; *Pickens v. State,* 115 Ala. 42, 22 South. 551.

The defendant having denied the carrying of the pistol concealed about his person, the state had a right to lay a predicate to contradict him, by proving admissions by him of having so carried the weapon, without showing that such confessions were voluntary.—*Smith v. State,* 137 Ala. 22, 28, 34 South. 396.

"The defendant asked the court to give the jury the following charges, which were in writing," numbered 1,

2 and 3.  The request was general and applied to all the charges in bulk.  Unless all were good they were properly refused.—*Verberg v. State,* 137 Ala. 74, 34 South. 848, 97 Am. St. Rep. 17; *Yeats v. State,* 142 Ala. 58, 38 South. 760.

Charge 3 was faulty in that it referred to the jury the determination of the meaning of the words "corpus delicti.—*Kennedy v. State,* 40 South. 659; *Mann v. State,* 134 Ala. 3, 32 South. 704.

Other questions presented by this record, are settled adversely to the appellant in the case of *Ex parte Bub Owens,* 148 Ala. 402, 42 South. 676.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.