# Moye *v.* The State.

## *Larceny.*

(Decided January 21, 1915.　67 South. 716.)

1. *Charge of Court; Reasonable Doubt.*—A charge asserting that if under all the evidence, the jury have a reasonable doubt as to who took the money, whether a certain third person or defendant, it should give defendant the benefit of such doubt, and acquit, predicated an acquittal on a reasonable doubt as to the guilt of such third person, and was properly refused.

2. *Same; Misleading Instructions.*—Where a defendant could have been guilty of an offense within the terms of the indictment without having been the person who alone actually first took the money, a charge predicating an acquittal on a reasonable doubt as to whether defendant or a named third person took the money, was highly misleading.

3. *Same; Covered by Those Given.*—Where the court fully covered the question of reasonable doubt in other charges given at defendant's request, its refusal to give similar charges, will not bring about a reversal.

[Moye v. The State.]

4. *Same; Argumentative.*—Charges asserting that there should be an acquittal if the jury would not be willing to act upon such evidence in matters of the highest importance or concern to their own interest, are argumentative and properly refused.

5. *Same; Directing Verdict.*—Where there was evidence from which the jury could conclude beyond a reasonable doubt that defendant was guilty, defendant was not entitled to have a verdict directed for him.

6. *Larceny; Participation in Taking.*—A charge predicating an acquittal if the jury believed that the money was taken from the prosecuting witness by a named third party, although such party soon after informing defendant of the theft, gave her a part of the money, failed to negative defendant's guilty participation therein, and was properly refused.

7. *Same; Evidence.*—Where the prosecution was for larceny, statements in the nature of declarations against interests made by defendant in the presence of a third person connected with the transaction, as to which one stole the money, and the contradiction in the same conversation made by such third party, were admissible.

8. *Same; Subsequent Conduct.*—Where the evidence tended to show that defendant and a certain third party were accomplices in the larceny, it was competent to show that defendant and such third party went off and remained together after the commission of the offense.

9. *Same; Opinion; Sanity.*—Where a non-expert witness described attacks which he had seen defendant have, but stated that he could not tell whether they were produced by drinking, or by a mental condition, as he had never seen defendant when she was not drinking, and never observed anything peculiar about her actions or words except what he thought was produced by drinking, such witness was properly not allowed to express an opinion as to defendant's sanity.

10. *Evidence; Confessions.*—The mere fact that one is under arrest at the time an incriminating statement in the nature of a confession is made, does not render such statement inadmissible.

11. *Appeal and Error; Review; Presumptions.*—Where it does not affirmatively appear from the record that confessions were not voluntary, it will be presumed on appeal that the trial court properly performed its duty by requiring a proper predicate, prior to their admission.

12. *Same; Harmless Error; Evidence.*—The admission in evidence of defendant's statements as to an accomplice was not prejudicial, where defendant voluntarily testified as to all such matters.

13. *Same.*—Where a witness was allowed to give his opinion as to defendant's sanity after a certain preliminary question by the court, any error in a former refusal to allow such witness to give such opinion, was cured.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Mabel Moye was convicted of grand larceny, and she appeals. Affirmed.

The evidence tended to show that defendant and one McQueen were together at the Grand Hotel in the city of Montgomery, and that McQueen lost about $500 There was evidence tending to show that defendant got the money, and also evidence tending to show that one Peoples, whose room was near by, had an opportunity to get the money, and was seen in or about the room from which the money was taken. The evidence further tended to show that defendant and Peoples went off together to Birmingham, and that defendant was there arrested. The solicitor asked the arresting officer if Peoples "came into your presence and the presence of defendant while you were in Birmingham," which being answered in the affirmative, the solicitor asked, "What did she say and what did Peoples say in the presence of each other?" The witness was permitted to answer that she made the same statement she had made before; that is, that Peoples had taken the money and gave it to her, and she kept it until they got to Birmingham. The witness was further allowed to testify that the couple registered at the Southern Hotel as Mr. and Mrs. Wilson.

The following charges were refused defendant: (1) If the jury under all the evidence in this case, have a reasonable doubt as to who took the money, whether Peoples or defendant, then you should give defendant the benefit of such doubt, and acquit her.

(2) The court charges the jury that, if you believe from all the evidence in this case that Peoples took the money from McQueen, then you should acquit defendant, although you may further believe that Peoples soon after that left, informed defendant of same, and gave her a part of the money.

(6) If you would not be willing to act upon the evidence in this case if it were in relation to matters of the most solemn importance to your own interest, then you must find defendant not guilty.

L. A. SANDERSON, for appellant. The court erred in permitting the arresting officer to state what defendant and Peoples did and said in each other's presence. —*McAlpine v. State,* 117 Ala. 93; *Washington v. State,* 106 Ala. 61; *Stone v. State,* 105 Ala. 60. There was a plea of insanity, and the court erred in not permitting the testimony of the witness Jones as to the conduct and peculiarities of defendant.—*McLean v. State,* 16 Ala. 672; 82 Ala. 96. The record failed to affirmatively show that a proper predicate was laid for the admission of the confession.—*Price v. State,* 117 Ala. 113. Counsel discusses the charges refused, but without citation of authority.

R. C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State. The statements by defendant and the denial of Peoples made in her presence were admissible in evidence.—*Davis v. State,* 131 Ala. 10; *Amos v. State,* 123 Ala. 50; *Powell v. State,* 5 Ala. App. 75. The court is to judge of the competency of a witness to testify relative to sanity, and the exercise of its discretion will not be reviewed unless abuse is shown.—*Odom v. State,* 172 Ala. 382; *Parrish v. State,* 139 Ala. 16. Counsel discuss charges refused, but without citation of authority.

PELHAM, P. J.—Charge No. 1 refused to the defendant is faulty in more than one respect. It predicates an acquittal of the defendant on the reasonable doubt of the guilt of another. It is misleading as applied to the evidence, in that the defendant could have been guilty

[Moye v. The State.]

of an offense within the terms of the indictment without having been the person who alone actually took the money in the first instance. The proposition of a reasonable doubt of guilt authorizing an acquittal was fully covered by the numerous written charges given by the court at the instance of the defendant.

Charge 2 fails to negative the defendant's guilty participation in the taking with Peoples. As correctly stated, the proposition is covered by given charge No. 11.

Charge 6 belongs to that class of argumentative charges often condemned.

There was ample evidence to submit to the jury the question of the defendant's guilt of the crime charged against her, and the court was not in error in refusing the general charge requested in her behalf.

The statements in the nature of declarations against interest, or quasi confessions, made by the defendant in the presence of Peoples (who was connected with the transaction), as to which one stole the money, and the contradictions of Peoples in answer thereto in the same conversation, were admissible and properly received in evidence.—*Poe v. State,* 155 Ala. 31, 46 South. 521; *Powell v. State,* 5 Ala. App. 75, 80 59 South. 530. The mere fact that one is under arrest at the time an incriminating statement in the nature of a confession is made does not render it inadmissible.—*Raymond v. State,* 154 Ala. 1, 45 South. 895. The circumstances, conditions, and statements all show the quasi confessions to have been made voluntarily. Certainly, the contrary does not affirmatively appear from the record, and it is to be presumed on appeal that the trial court properly performed its duty in having proper predicate laid.—*Whatley v. State,* 144 Ala. 68, 39 South. 1014; *Dupree v. State,* 148 Ala. 620, 42 South. 1004.

There was one phase of the evidence tending to show that the defendant and Peoples were accomplices in the commission of the crime, and it was permissible to show that they went off together after the commission of the offense to Birmingham and remained together. The defendant voluntarily testified to all of these matters, and, if there was error in admitting evidence of her admissions, it was without prejudice.

The matter of allowing a nonexpert witness to express an opinion on the sanity of a person is largely in the discretion of the court.—*Odom v. State,* 172 Ala. 383, and authorities cited in the opinion at the top of page 385, 55 South. 820. No abuse of that discretion is shown by anything contained in the bill of exceptions. The witness Jones (a nonexpert) stated, in answer to a question propounded by the court, that he could not tell whether the attacks he had described the defendant as having were produced by drinking or some innate condition of the mind, as he had never seen her at any time when not drinking, and that he had never observed anything peculiar about her actions or words except what he thought was produced by drinking. The court properly refused to allow this witness to express an opinion as to the sanity of the defendant in response to a question seeking to elicit such an opinion.

The defendant's witness Waits, after preliminary questions by the court, was permitted to give his opinion as to the sanity of the defendant, and, if there was any error in at first refusing to allow this witness to give his opinion in answer to a question propounded by defendant's counsel, it was cured by permitting him to subsequently testify on this point and express his opinion.

An examination of the transcript fails to show error requiring reversal, and the judgment of the trial court will be affirmed.

Affirmed.