(88 South. 342)

### McMICKENS v. STATE. (6 Div. 782.)

(Court of Appeals of Alabama. Jan. 18, 1921.)

**1. Criminal law ⬤⟹1144(2) — Presumption is that grand jury had sufficient evidence before it on which to find indictment.**

Nothing appearing to the contrary, it will be presumed that the grand jury had legal and sufficient evidence before it upon which to find the indictment.

**2. Criminal law ⬤⟹43—Prosecution for killing hog could be maintained, despite pendency of owner's civil suit for statutory penalty.**

A prosecution, under Code 1907, § 6230, for killing a hog, the property of another, could be maintained despite pendency of a civil suit in the same court under section 4245, wherein the owner of the hog was seeking to recover the statutory penalty of five times its value, and the state was not required to elect as to whether it would continue to prosecute the criminal case or the civil suit.

**3. Abatement and revival ⬤⟹8(1) — Plea of pendency of other action bad unless judgment in first action would conclude parties.**

The plea of another action pending is bad unless the judgment rendered in the first action would conclude the parties and operate as a bar to the second.

**4. Criminal law ⬤⟹43—Pendency of civil action for killing hog could not be considered in mitigation of offense.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, the owner's civil suit for damages for the killing of the same hog under section 4245 could not be considered in mitigation of defendant's offense or his punishment; if the civil suit was admissible in any event, it was only in mitigation of defendant's fine.

**5. Animals ⬤⟹45—Instruction in prosecution for killing hog abstract and involved.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, a charge that, if the jury found that the owner of the hog was prosecuting a civil suit against defendant to recover $125 for the same hog mentioned in the indictment, they might consider the fact in making up the verdict, *held* abstract and involved, as not showing how or to what extent pendency of the civil suit should be considered.

**6. Criminal law ⬤⟹814(8, 9)—Instructions in prosecution for killing hog properly refused as abstract.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, requested instructions that if the jury found that defendant shot the hog, but when he did so the hog was in his growing crop, inclosed by a lawful fence, the fact might be considered either in mitigation or justification, etc., were properly refused defendant as abstract; there being no proof as to whether defendant's crops were inclosed by a lawful fence.

**7. Criminal law ⬤⟹1033(2)—Defendant should have brought to attention of trial court as required by rule question of venue.**

In a prosecution for an offense, if defendant was of the opinion that the venue was not proven, the matter should have been brought to the attention of the trial court as required by circuit court rule 34.

**8. Criminal law ⬤⟹806(1, 3)—Instructions on malice and reasonable doubt need not be repeated.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, where in its oral charge and in given written charges the court charged the jury on the doctrine of reasonable doubt and on the subject of malice, its refusal to give other written charges to like effect was not error.

**9. Animals ⬤⟹45—Instructions in prosecution for killing hog properly refused as contrary to statute.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, charges, requested by defendant, that if the jury should find him guilty it was not bound to fix a fine of at least double the value of the hog, were properly refused, as contrary to provisions of the statute.

**10. Criminal law ⬤⟹829(16)—Oral charge on question of interest of witness not required to be repeated on written request.**

In a prosecution for an offense, where the court's oral charge fully covered the question of the interest of any witness testifying in the case, the refusal of defendant's requested written charge to such effect was without error.

**11. Criminal law ⬤⟹814(8, 9)—Requested written charge in prosecution for hog killing abstract.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, defendant's requested written charge that he would not be guilty if another killed the hog was abstract, in the absence of evidence that such other so killed the hog.

**12. Criminal law ⬤⟹972 — Motion in arrest granted only on matters apparent of record.**

A motion in arrest of judgment is granted only on matters apparent on the record.

**13. Criminal law ⬤⟹1124(4)—Ruling on motion for new trial not reviewed, where record does not show evidence offered.**

On appeal from a conviction, ruling on motion for new trial will not be reviewed where

the record does not show what, if any, evidence was offered on the motion.

**14. Criminal law ⊜⇒429(2) — Summons and complaint in injured party's civil action against defendant properly admitted.**

In a prosecution, under Code 1907, § 6230, for killing of a hog, the property of another, the summons and complaint in the owner's action against defendant to recover the statutory penalty was properly admitted in evidence.

**15. Criminal law ⊜⇒406(6)—Declaration of defendant, charged with killing hog, admissible as made against interest.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, it was competent for the owner of the hog as a witness to testify that defendant said he killed a hog; the declaration being against interest.

**16. Animals ⊜⇒45—Evidence of condition of hog killed admissible to prove corpus delicti.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, testimony of such other as a witness that he found wounds on the hog, etc., was admissible, as all the matters testified to were circumstances and facts tending to prove the corpus delicti.

**17. Criminal law ⊜⇒452(1)—Owner of hog killed properly allowed to state value.**

In a prosecution, under Code 1907, § 6230, for the killing of a hog, the property of another, the owner of the hog as a witness was properly allowed to state its value.

**18. Criminal law ⊜⇒1171(1) — Controversies between counsel held not to have affected verdict.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, controversies on the part of counsel for the state and for defendant *held* not of such a character as to have entered into or affected the verdict of the jury.

**19. Animals ⊜⇒45—Evidence of injury to crops by hog killed held inadmissible.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, in the absence of evidence as to whether the fence inclosing defendant's field was a lawful fence, or whether the stock law was in force in such area, there was no error in refusing to permit a witness to answer questions as to the amount of corn destroyed by the owner's hogs, particularly where the testimony was not confined to injury to the crops at the time of killing the hog.

**20. Witnesses ⊜⇒344(1)—Character of owner of hog killed not provable by particular acts.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, it was incompetent for defendant to show by certain witnesses that they knew of no one in the community where the owner of the hog lived that had not had trouble with him; the owner's character could not be proved by particular acts.

**21. Criminal law ⊜⇒385—Defendant not permitted to testify as to whether he heard certain testimony.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, where a witness testified that he shot one of the owner's hogs, and that he, the witness, and defendant had a crop side by side in the same field, there was no error in refusing to permit defendant to testify as to whether he heard the testimony of the witness to such effect.

**22. Witnesses ⊜⇒389 — Defendant could be questioned as to statements for purpose of impeachment.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, questions propounded to defendant relative to certain statements made by him to three witnesses, including the owner of the hog, at named times and places, were proper, where such parties were placed on the stand by the state, and the answers were as to material matters which defendant denied making so that the state could impeach his testimony.

**23. Witnesses ⊜⇒391 — Where language of questions to witnesses same as predicate for impeachment, they were proper.**

Where the language of questions put to witnesses as to statements made by defendant to them was substantially the same as the predicate for impeachment of defendant, no error was committed by the trial court in overruling defendant's objection and motion to exclude.

**24. Witnesses ⊜⇒361(1) — State could show general good character for truth of its witness when attacked.**

In a prosecution, under Code 1907, § 6230, for killing of a hog, the property of another, there being testimony that a state's witness, the owner of the hog, had a bad reputation in the community where he lived, and certain witnesses for defendant having testified they would not believe him on his oath in a court of justice, the state then had a right to show his general good character for truth and veracity.

**25. Witnesses ⊜⇒357—Questions relative to character of owner of hog killed proper.**

In a prosecution, under Code 1907, § 6230, for killing a hog, the property of another, questions propounded to a witness relative to the character of the owner of the hog, a witness for the state, *held* proper.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

John McMickens was convicted of unlawfully killing a hog, and he appeals. Affirmed.

The following charges are noted as refused to the defendant:

"(5) The fact of the civil suit pending for the same hog may be considered by you in mitigation of the punishment of the defendant.

"(6) If you are convinced beyond a reasonable doubt by the evidence that the defendant killed Eaton's hog, then you may take into consideration the civil suit for damages for the same hog in mitigation of said offense."

(7) Same as 6.

"(18) If you find from the evidence that Eaton is prosecuting a civil suit against the de-

fendant to recover $125 for the same hog that is mentioned in the indictment, then I charge you that you may consider this fact in making up the verdict in this case."

Charge made the basis of the eighth assignment:

"If you find from the evidence in this case that the defendant did shoot Eaton's hog, but that when he did so, the hog was in his growing crop, and that said crop was inclosed by a lawful fence, then you may consider that fact either in mitigation or justification of the offense charged, and render your verdict accordingly."

The following charge is made the basis of the twentieth assignment of error:

"If you find from the evidence in this case that the defendant did kill the hog in question, and further find from the evidence that at the time the hog was killed it was trespassing on defendant's growing crop, and further find from the evidence that said crop was inclosed by a wire and rail fence 5 feet high, the rail part of the fence from the ground up to 2 feet was made of rails which were not over 4 inches apart, and the wire part of said fence was made of hog wire with a mesh of 2, 3, or 4 inches at the bottom, 2 feet high, and 3 strands of wire between that and the top, then the jury may consider these facts in mitigation or justification of the alleged offense as they may determine, and if the jury determines that the same should be taken in mitigation only, then you may make the fine as small as you determine it should be made on that account, and if you determine that it should be taken in justification of the offense charged, then you should find the defendant not guilty."

While on the witness stand Verdo Norris, having testified that he did know whether he knew Eaton's character or not, that some people spoke well of him, some don't, the solicitor asked him this question, "Well, from that what would you say his reputation was in that community, good or bad?" Objection was interposed to the question, and, it being overruled, the witness answered, "I would say it was good." The solicitor then asked, "Would you believe him on oath?" Objection was interposed, but was overruled, and the witness answered, "I certainly would."

After the case had closed, referring to one of the witnesses who had testified for the state, the solicitor addressed the defendant's counsel saying, "Will you let Mr. Norris make an opening argument for the state?" Defendant counsel assented, and Mr. Norris was called, and the solicitor said to him, "Mr. Norris, the defendant's counsel agrees to let you tell about the trouble with the defendant." Counsel for the defendant replied, "I didn't do any such thing." Mr. Norris said, "That is what I want to tell." Defendant's counsel said, "I agree for you to argue the case." Mr. Norris replied, "I don't want to argue the case; I only want to tell the trouble." The defendant's counsel re-

plied, "I object to his doing that," and the court sustained the objection. All this happened in the presence of the jury. The other facts sufficiently appear.

Huey & Welch, of Bessemer, for appellant.

The motion to quash should have been sustained. 63 Ala. 112; 82 Ala. 68, 3 South. 2; 8 Ala. App. 329, 62 South. 991; 73 Ala. 595; sections 6230, 6231, Code 1907; 1 C. J. §§ 45, 103, 104, 109; 5 Mass. 174. The court should have required an election, and should have overruled the demurrers to defendant's plea in abatement. Authority supra. Charges 5, 6, 7, and 18 should have been given. 160 Ala. 96, 49 South. 679; 29 Ala. 628; 1 Stew. 399. Assignments of error 8 and 20 contain charges that should have been given. Sections 4240–4242, 6231, Code 1907. Counsel discuss assignments of error relative to evidence, but without further citation.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The sections involved are sections 2451, 4245, 6230, 6231, Code 1907. The statutes as they appear in the Code of 1876 have been entirely changed, and there is no merit in the motion to quash the indictment. The penalty referred to cannot be recovered in an action of trespass, but must be recovered in special assumpsit. 22 Ala. 568; 22 Ala. 677; 73 Ala. 204. The plea of another action pending was bad. 182 Ala. 622, 62 South. 176, 46 L. R. A. (N. S.) 274; 181 Ala. 427, 61 South. 62. 1 C. J. 50. The charges referred to were abstract. 12 Ala. App. 127, 67 South. 716. Counsel discuss other assignments of error, but without further citation of authority.

MERRITT, J. The defendant was prosecuted under section 6230 of the Code of 1907, for killing a hog, the property of R. B. Eaton.

The defendant moved to quash the indictment on the grounds that the prosecution was not commenced by the owner of the property, and that the indictment was found without legal evidence before the grand jury. The motion to quash the indictment was properly overruled.

Though Code of 1876, § 4410, declares that for the unlawful, wanton, disabling, or injuring certain animals named, "no bill of indictment shall be found, or prosecution maintained, except upon complaint of the owner of the stock," etc., the present Code contains no such provision, and the indictment may be preferred in the same manner as other indictments.

[1] Nothing appearing to the contrary, it will be presumed that the grand jury had legal and sufficient evidence before it upon which to find the indictment. Ashworth v. State, 63 Ala. 120.

[2] The defendant also moved to require an election on the part of the prosecution as to whether it would continue to prosecute this case or a civil suit pending in the same court under section 4245 of the Code, wherein the owner of the hog was seeking to recover the statutory penalty of five times the value of the hog. The defendant contends that the overruling of this motion was error.

Section 2451 of the Code reads as follows:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

It will be noted that election is not provided for except in cases involving, first, "the same cause," and, second, "against the same party."

Section 4245 of the Code covers an entirely different set of conditions, it being not a prosecution for a crime subject to sentence to the county jail or hard labor or the payment of a fine, but a purely civil proceeding, providing for the payment of a penalty for injury to stock alone, and for such injury only under certain conditions; that is, when the owner of the premises, not having a lawful fence, destroys or injures any animal coming on such premises. Section 4245 of the Code penalizes one who, not having a lawful fence, destroys or injures an animal coming inside such fence, and does not in any sense undertake to provide compensation as such to the owner of the animal, while section 6230 does provide for compensating the owner.

Moreover, this is not a case of a suitor prosecuting two actions in the courts of this state at the same time. Eaton did file a suit for the penalty under section 4245 of the Code, but the state of Alabama is the party prosecuting the instant case. One is a criminal prosecution. The other is a civil proceeding to recover a statutory penalty. In one case there is a fine, and may be imprisonment in the county jail or hard labor, while in the other the recovery is for a penal sum.

What is said above in regard to election may also be said in regard to the defendant's plea in abatement predicated on the same facts.

[3] The plea of another action pending is bad, unless the judgment rendered in the first action would conclude the parties and operate as a bar to the second. Milbra v. Sloss-Sheffield Co., 182 Ala. 622, 62 South. 176, 46 L. R. A. (N. S.) 274; Foster v. Napier, 73 Ala. 595; Davis v. Petrinovich, 112 Ala. 654, 21 South. 344, 36 L. R. A. 615.

[4] Charges 5, 6, and 7 were properly refused.

The civil suit for the recovery of a statutory penalty was not admissible in mitigation or justification of the offense with which the defendant was charged, but if in any event admissible it was only in mitigation of the fine.

[5] Written charge 18 is abstract and involved, as it does not appear how or to what extent the pendency of the civil suit should be considered by the jury.

[6] Refusal of written charges made the basis of the eighth and twentieth assignments of error do not constitute reversible error. These charges were both abstract, there being no proof as to whether defendant's crops were inclosed by a lawful fence; or, if not, that his crop was cultivated without a fence where stock law prevails.

[7] If the defendant was of the opinion that the venue was not proven, this matter should have been brought to the attention of the trial court, as required by circuit court rule 34. Ray v. State, 16 Ala. App. 496, 79 South. 620; Chambers v. State, 17 Ala. App. 178, 84 South. 638.

[8, 9] In its oral charge and in given written charges the court charged the jury on the doctrine of reasonable doubt, and its refusal to give other written charges to like effect was not error. This much may also be said in reference to the refusal of the court to charge further on the subject of malice of the defendant toward the owner of the hog. Charges to the effect that, if the jury should find the defendant guilty, it was not bound to fix a fine of at least double the value of the hog, were contrary to the provisions of section 6230, and were properly refused.

[10, 11] The oral charge of the court fully covered the question of the interest of any witness testifying in the case, and the refused written charge to like effect was without error. Written charge to the effect that defendant would not be guilty if Hogan killed the hog was abstract, as there was no evidence that Hogan killed the hog.

[12] The motion in arrest of judgment was properly overruled. A motion in arrest of judgment is granted only on matters apparent on the record. Harris v. State, 153 Ala. 19, 49 South. 458; Curry v. State, 120 Ala. 366, 25 South. 237; Blount v. State, 49 Ala. 383; Holley v. State, 75 Ala. 14; Parsons v. State, 179 Ala. 23, 60 South. 864.

[13] The motion for a new trial will not be reviewed, inasmuch as the record does not show what, if any, evidence was offered on the motion. Crawley v. State, 16 Ala. App. 545, 79 South. 804.

[14] According to the record, the summons and complaint in the case of Eaton against the defendant was admitted in evidence, and error predicated on ruling to the contrary is not well taken.

[15] It was competent for the witness Eaton to testify that the defendant said "he

killed a hog." This was a declaration against interest. Moye v. State, 12 Ala. App. 127, 67 South. 716.

[16, 17] The testimony of the witness Eaton:

"That he found wounds on the hog." "It looked like it had been shot with a load of shot right in the head." "When I found the hog it was 10 or 12 feet from the fence." "There was the mark where it had been drug outside." "I found a sign. * * * It looked like the hog had been wallowing." "There was signs on the ground. where the grass and stuff had been drug and parted back, and the marks showed on the surface of the ground"

—was properly admitted, as these were all circumstances and facts that tended to prove the corpus delicti. Patterson v. State, 202 Ala. 65, 79 South. 459. The witness Eaton was properly allowed to state the value of the hog. Moss v. State, 146 Ala. 686, 40 South. 340; 1 Vandegrift v. State, 151 Ala. 105, 43 South. 852.

[18] Irrespective of the conflicting contentions on the part of counsel for the defendant and the state that each so acted and conducted the trial as to be in error, we have considered the entire matter growing out of the several controversies on the part of counsel with a view solely of determining whether any of the tendencies of such controversies was to prejudice the substantial rights of the defendant before the jury, and a careful consideration of the record impresses us that these matters could in no wise have entered into or affected the verdict of the jury. 4 Mich. Dig. p. 322.

[19] There was no evidence as to whether the fence inclosing defendant's field was a lawful fence, or whether stock law existed in that area; consequently there was no error in refusing to permit the witness to answer the questions as to the amount of corn destroyed by Eaton's hogs. Besides the testimony was not confined to injury to the crops at the time of killing the hog.

[20] It was clearly incompetent for the defendant to show by the witnesses Huey, Hogan, and Justice that they knew of no one in the community where Eaton lived that had not had trouble with him. His (Eaton's) character could not be proved by particular acts. Andrews v. State, 159 Ala. 14, 48 South. 858.

[21] The witness J. W. Hogan testified that he shot some of Eaton's hogs, and that he and defendant had a crop side by side in the same field, and there was no error in not permitting the defendant to testify as to whether he heard the testimony of this witness to this effect.

[22, 23] The questions propounded to the

---

defendant relative to certain statements made by him to the witnesses J. P. Eaton, Grady Thompson, and S. P. Waggoner at certain named times and places were proper. These three parties were placed on the stand by the state, and, the answers being as to material matters, which the defendant denied making, this was one of the ways whereby the state could impeach the defendant's testimony. Hill v. State, 194 Ala. 11, 21, 69 South. 941, 2 A. L. R. 509. The language of the questions put to the witnesses Eaton, Waggoner, and Thompson was substantially the same as the predicate, and no error was committed by the trial court in overruling defendant's objection and motion to exclude. Hill v. State, supra; So. Ry. Co. v. Williams, 113 Ala. 622, 21 South. 328.

[24] There being some testimony that R. B. Eaton, a witness for the state, had a bad reputation in the community where he lived, and certain witnesses for the defendant having testified that they would not believe him on his oath in a court of justice, the state then had a right to show his general good character for truth and veracity. Redmond v. State, 4 Ala. App. 190, 59 South. 181.

[25] There was no error in overruling the objections to the questions propounded to the witness Verdo Norris, relative to the character of the witness Eaton.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.

---

1 Reported in full with opinion, in the Southern Reporter; not reported in full in Alabama Reports.