(89 South. 834)

## LOWERY v. STATE. (2 Div. 240.)

(Court of Appeals of Alabama. June 30, 1921.)

**Criminal law ⬤⇒914—Refusal of new trial reversible error where judge entered plea of guilty, though defendant only admitted he tried to commit offense.**

Under Code 1907, § 7565, requiring the court, on defendant's failure to plead, to enter a plea of not guilty, where one accused of manufacturing prohibited liquor said to the solicitor, "If it makes me guilty to try, then I'm guilty, for I did try to make some, but I did not make a drop," whereupon the solicitor told the court that he pleaded guilty and the judge entered such plea and immediately sentenced defendant, the refusal to grant a motion for new trial was error, which, under Acts 1915, p. 722, is revisable on appeal; such plea of guilty not being a voluntary act of defendant.

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Pink O. Lowery was convicted of manufacturing prohibited liquors, and from a refusal to grant his motion for new trial he appeals. Reversed and remanded.

I. I. Canterbury, of Linden, for appellant.

The defendant had a right to a motion for new trial and to appeal therefrom. Section 2846, Code 1907; Gen. Acts 1915, p. 722. The plea of guilty was obtained under a misapprehension, and constituted a fraud in law, and appeal is his only remedy. 15 Ala. App. 258, 73 South. 137; 23 Cyc. 889; 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148; 107 Ala. 370, 18 South. 211; 126 Ala. 362, 28 South. 476, 85 Am. St. Rep. 36. The judgment was contrary to the evidence, and should be set aside. 143 Ala. 392, 39 South. 133; 84 South. 743; 169 Ala. 19, 53 South. 809.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The record in this case presents the following state of facts: The defendant was indicted on a charge of manufacturing prohibited liquors, and the judgment shows a conviction on a plea of guilty. On motion to set aside the judgment, grant a new trial, and a withdrawal of the plea, the undisputed facts are: The defendant, when the case was called, went to the presiding judge while he was presiding, saying that he (defendant) wished to plead guilty to trying to make shinney, but that he had not made a drop; the judge told defendant to see the solicitor; defendant walked from the judge's stand, continuing to repeat, "I never made a drop; I tried to, but made an absolute failure." Defendant approached the solicitor and told him he wanted to plead guilty; that he had tried to make some shinney, but had not made a drop. The solicitor told defendant he was charged with manufacturing liquor contrary to law and asked defendant if he was guilty or not guilty; that defendant then stated: "I did try to make shinney, but I did not make a drop. I took some skimmings from molasses I was making and put it in an old tin can and tried to make a little shinney, but that the stuff all boiled out and run out, smoked up my can, and I lost it all." The solicitor again asked defendant if he was guilty or not guilty, and defendant replied, "If it makes me guilty to try, then I'm guilty, for I did try to make some, but I did not make a drop." The solicitor then said to the court, "He pleads guilty." The judge made the entry on the trial docket and immediately proceeded to sentence the defendant. All of the foregoing was in open court and in the hearing of all present, as is evidenced by the testimony of the sheriff, clerk, and a reputable practicing attorney at that bar. The statement of the trial judge corroborates the foregoing as far as he heard, but in his statement the judge says that during the colloquy he was making other entries and did not know what statement defendant made to the solicitor. There is no statement by the solicitor.

Under this state of facts, it would be a sad miscarriage of justice to permit this judgment to stand and this sentence to the penitentiary to be carried into effect. That this defendant has violated the law is admitted; that he attempted to confess his error and pay the just penalty for his crime is proven beyond peradventure; but that the defendant is a felon is denied, and always had been denied, by him, and before he can be so adjudged legally he must have a fair and an impartial trial before a jury of his county. Under the evidence on this motion the plea of guilty was not the voluntary act of the defendant, without which it cannot stand. On the statement made by the defendant the court should have entered a plea of not guilty and proceeded to trial. Code 1907, § 7565.

There being no evidence to warrant a judgment of guilty as to the felony charged, the trial judge, on the evidence presented, should have granted the defendant's motion. Curry v. State, 120 Ala. 366, 25 South. 237. At the time of the rendition of the decision in the Curry Case, supra, the action of the trial court was not revisable on appeal, but such is not the case now. Acts 1915, p. 722. The judgment of the trial court denying the motion is reversed, and the cause is remanded for proper proceedings in the court below.

Reversed and remanded.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes